IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cincinnati Insurance Company, Motorists Commercial Mutual Insurance Company, Penn National Insurance Company, <br><br> Plaintiffs, <br><br> v. <br><br> Meetze Plumbing Co., Inc. and Promenade at Sandhill Condominium Association, Inc., <br><br> Defendants. | C/A No. 3:20-cv-02719-SAL <br><br><br> **OPINION & ORDER** |

This matter is before the court on Plaintiffs Cincinnati Insurance Company, Motorists Commercial Mutual Insurance Company, and Penn National Insurance Company's (collectively "Plaintiffs") Motion for Reconsideration, ECF No. 57, (the "Motion") regarding the court's September 7, 2021 Order, ECF No. 55 (the "Order"), and Judgment, ECF No. 56, in which the court granted Defendant Meetze Plumbing Co., Inc.'s ("Defendant") Motion to Dismiss or in the Alternative to Stay ("Motion to Dismiss"), ECF No. 36, and dismissed this action without prejudice.[1] In their Motion, Plaintiffs ask the court to alter or amend its order to reflect Plaintiffs' requested declaratory relief is ripe and justiciable, and to restore this case to the docket to allow Plaintiffs to move for summary judgment. [ECF No. 57 at p. 1, 6.] Alternatively, Plaintiffs ask— in lieu of the court undertaking an abstention analysis, which the Order did not previously reach— the court stay this case pending trial in the underlying state court proceeding, *Promenade at Sandhill Condominium Association, Inc. v. M.B. Kahn Construction Co., Inc. et al.*, 2015-CP-40-

---

[1] The Order further ruled all other then-pending motions moot. [ECF No. 55.]

1

2501 (the "Underlying Lawsuit"). *Id.* at pp. 1–2, 6. Defendant filed a response in opposition to the Motion. [ECF No. 58.] The Motion is ripe for resolution by the court.

Motions to reconsider are governed by Rule 59(e) of the Federal Rules of Civil Procedure. The rule provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Further, the Fourth Circuit Court of Appeals has interpreted Rule 59(e) to allow the court to alter or amend an earlier judgment only: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pacific Ins.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Against this framework, the court grants in part and denies in part Plaintiffs' Motion. In the Motion, Plaintiffs argue "[t]here was a clear error of law in the Order" because "(1) the determination of the duty to defend is explicitly sought in Plaintiffs' Complaint and should not be disbelieved; (2) the determination of the duty to defend is ripe and justiciable; and (3) the duty-to-defend determination may be properly made by looking beyond the underlying complaint at evidence known to the insurer." [ECF No. 57 at p. 4.]

As an initial matter, upon further review of the Complaint and relevant motions briefing, the court finds error in the Order's conclusion Plaintiffs are not seeking any declaratory relief regarding their duty to defend, as Plaintiffs' concluding Prayer for Relief and associated Wherefore Clause end with the statement "[s]pecifically, Plaintiffs are entitled to a judgment declaring and adjudging that they do not have a duty to defend or indemnify Meetze under the Motorists, Penn National, or Cincinnati Policies for any of the claims or damages resulting from the allegations contained in the Underlying Lawsuit[.]" [ECF No. 1 at p. 22.] The court understands Plaintiffs ask the court to decide and declare their coverage obligations with respect to the relevant insurance policies because, at least as Plaintiffs contend, a finding of no coverage means they may discontinue their ongoing defense (via funding the defense) of Defendant in the Underlying Lawsuit per their reservations of rights letters. [ECF No. 1.] To this end, Plaintiffs allege their reservation of rights letters state each insurer will defend Defendant in the Underlying Lawsuit "until such time as it can be determined whether the claims directed against Meetze would be covered under the [insurer Plaintiff's] Policy." [ECF No. 1 ¶¶ 37–43.]

Upon reconsideration of the allegations in the Complaint and the parties' briefing, the court thus finds a limited amendment of the Order appropriate to clarify and reflect Plaintiffs' Complaint seeks, among other things, a declaration—albeit only expressly and specifically as buried in the Complaint's concluding Wherefore clause—regarding Plaintiffs' duties of providing an ongoing defense in the Underlying Lawsuit. With this revision in mind, the court further clarifies the Order to the extent it indicates if Plaintiffs' Complaint had requested declaratory relief regarding their duty to defend this case could necessarily then proceed,[2] as even under those circumstances a court

---

[2] ECF No. 55 at p. 6 ("If Plaintiffs are correct, at least a portion of the case is ripe for adjudication and may proceed.").

may nevertheless ultimately find—as the court so finds here—Plaintiffs' claims premature and warranting abstention by this federal court.

Ultimately, the court's limited amendment of the Order thus proves of little if any benefit to Plaintiffs, as the court in its discretion finds, following application of the relevant abstention factors, this action was and is nonetheless due for dismissal. "Under the Declaratory Judgment Act, upon the proper pleading by an interested party, a district court '*may declare* [their] rights and other legal relations.'" *Med. Mut. Ins. Co. of N. Carolina v. Littaua*, 35 F.4th 205, 208 (4th Cir. 2022) (citing 28 U.S.C. § 2201(a) (emphasis added); *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201–02 (4th Cir. 2019)). "This Act 'merely permits' federal courts to hear those cases rather than granting litigants a right to judgment." *Id.* (citing *Trustgard Ins. Co.*, 942 F.3d at 201); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) ("This permissive language has long been interpreted to provide discretionary authority to district courts to hear declaratory judgment cases")). "When a § 2201 action is filed in federal court while a parallel state case is pending, [the Fourth Circuit] ha[s] recognized that 'courts have broad discretion to abstain from deciding declaratory judgment actions.'" *Id.* (citing *VonRosenberg v. Lawrence*, 781 F.3d 731, 734 (4th Cir. 2015), *as amended* (Apr. 17, 2015) (emphasis omitted).

"In those cases, federal courts weigh 'considerations of federalism, efficiency, and comity' to choose whether to retain jurisdiction over the case." *Id.* (citing *New Wellington*, 416 F.3d at 297). "Following the Supreme Court, th[e Fourth Circuit] recognizes that hearing declaratory judgment actions in such circumstances is ordinarily 'uneconomical,' 'vexatious,' and risks a 'gratuitous interference' with state court litigation." *Id.* (citing *New Wellington*, 416 F.3d at 297). "The Fourth Circuit has explained that a declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ...

4

when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Auto-Owners Ins. Co. v. Retreat at Edisto, LLC*, No. 2:11-CV-0611-DCN, 2011 WL 3841418, at *1 (D.S.C. Aug. 29, 2011) (citing *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). "It should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted.'" *Id.* (citing *Quarles,* 92 F.2d at 325).

Considering these principles, "when deciding whether to hear such a declaratory judgment action," the Fourth Circuit "requires consideration of four factors:"

> (1) whether the state has a strong interest in having the issues decided in its courts;
>
> (2) whether the state courts could resolve the issues more efficiently than the federal courts;
>
> (3) whether the presence of 'overlapping issues of fact or law' might create unnecessary 'entanglement' between the state and federal courts; and
>
> (4) whether the federal action is mere 'procedural fencing,' in the sense that the action is merely the product of forum-shopping.

*Id.* at 208–209 (citing *Nautilus Ins.*, 15 F.3d at 377) (applying factors to find district court did not abuse its discretion in declining to exercise jurisdiction).

Guided by these factors, the court finds interests of federalism, efficiency, and comity weigh against the exercise of jurisdiction and in favor of the court staying its hand in this case. On the first factor, as this district has previously noted, "the State of South Carolina has an overwhelming interest in having its courts decide issues related to insurance coverage because those issues are governed purely by South Carolina law." *Auto-Owners Ins. Co.*, 2011 WL 3841418, at *2; *Massachusetts Bay Ins. Co. v. Drucker & Faulk, LLC*, No. CV 2:20-2513-RMG, 2021 WL 7541156, at *2 (D.S.C. Aug. 11, 2021) ("South Carolina law governs the insurance matters in this action; therefore, the State of South Carolina has an interest in having such matters

decided in its courts.") (citations omitted). Consequently, the first factor weighs heavily in favor of abstention.

Regarding the second factor, given the various factual issues underlying Plaintiffs' requests for declaratory relief, the court finds such issues would likely be more efficiently resolved in state court where the Underlying Lawsuit is pending on what the parties assert to be a complete or near-complete record simply awaiting trial. To that end, the court appreciates Plaintiffs' requests for coverage declarations are not before the state court as such in the Underlying Lawsuit. However, the court finds various allegations in Plaintiffs' Complaint show the declaratory relief it seeks here related to its coverage obligations and continuing duty to defend entail some unknown number of factual questions overlapping with the Underlying Lawsuit. [*See, e.g.*, ECF No. 1 ¶ 47 ("*In the event the allegations are proven true*, ... their respective policies do not provide coverage for the damages sought against Meetze in the Underlying Lawsuit.") (emphasis added); ¶ 60 (asserting another entity "*may have* completed the work at issue in the Underlying Lawsuit[,] "*[i]n the event* [the insurer's] named insured did not perform the work alleged in the Underlying Lawsuit, there *would be* no coverage[,]" and "*if it is determined*" a non-insured entity performed the work, *the insurer would not have a duty to defend*) (emphasis added); ¶ 75 (same); ¶ 90 (same).] Therefore, the second factor weighs in favor of abstention.

In light of the risk of factual overlap and potential preclusion of factual determinations by the state court in the Underlying Lawsuit, the third factor also weighs significantly in favor of abstention by this court on the thin record before it. As the Order previously noted regarding certain allegations by Plaintiffs pertaining to its duty to defend, "[t]he determination of who performed the work and when would be the subjects of the Underlying Lawsuit." [ECF No. 55 at p. 8.] Moreover, Plaintiffs' allegations on their face indicate a resolution of coverage hinges on

further findings by the state trial court.  [*See, e.g.*, ECF No. 1 ¶ 47 ("*In the event the allegations are proven true*, … their respective policies do not provide coverage ...") (emphasis added); ¶ 60 (asserting another entity "*may have* completed the work at issue in the Underlying Lawsuit[,] "*[i]n the event* [the insurer's] named insured did not perform the work … there *would be* no coverage for the damages alleged[,]" and "*if it is determined*" a non-insured entity performed the work, *the insurer would not have a duty to defend*) (emphasis added).]

Similarly, Plaintiffs ask the court to make the coverage determination on "undisputed facts in the Underlying Lawsuit" and "Promenade's expert opinions as to defects and damages [] form[ing] the record[.]"  [ECF No. 42 at p. 8; ECF No. 57 at p. 3]; *see also id.* at pp. 20–21 (asserting "[d]iscovery conducted in the Underlying Lawsuit … has shown that the only claims that *may* implicate Meetze's scope of work pertain to the following alleged construction deficiencies: a. Notched or altered structural framing at plumbing penetrations; b. Insufficient installation of fireproofing and fire caulking at plumbing penetrations; and c. Improper selection of plumbing materials.") (emphasis added).  Given the pendency of trial in the multi-year and multi-party ongoing underlying construction defect lawsuit, the court views the potential of overlapping and preclusive factual determinations by the undersigned render the risk of entanglement of this case with the Underlying Lawsuit "present and significant."[3]  *See Med. Mut. Ins. Co. of N. Am.*, 35 F.4th at 212 ("Here, factual overlap is not certain, but the risk is present and significant.").

---

[3] On the fourth factor, the court finds no evidence of procedural fencing by Plaintiffs.

Weighing the *Nautilus* factors against Plaintiffs' requests for declaratory relief in this case, the court finds abstention and the dismissal of this action without prejudice appropriate.[4] *Auto-Owners Ins. Co.*, 2011 WL 3841418, at *2 (dismissing declaratory judgment action considering pending underlying action in state court).

## CONCLUSION

In accordance with the foregoing, Plaintiffs' Motion for Reconsideration, ECF No. 57, is **GRANTED IN PART** to make a limited amendment to the court's Order, ECF No. 55, to acknowledge Plaintiffs' Complaint asserts in part a request for declaratory relief regarding Plaintiffs' duty to continue to defend Defendant in the Underlying Lawsuit. The court further clarifies its Order to note, even if Plaintiffs assert a potentially ripe request for declaratory relief on whether their duties to defend Defendant in the Underlying Lawsuit have terminated for alleged lack of coverage, Plaintiffs' claims may—and here, do—nonetheless prove premature and warrant this court's abstention. The remainder of Plaintiffs' Motion to Reconsider is **DENIED** and the court maintains the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

9/2/2022
Columbia, South Carolina

---

[4] Plaintiffs' pending alternative request for a stay is new to Plaintiffs' Motion to Reconsider and thus denied. [ECF No., 42 at p. 1 (stating "further, the Court should not stay the action because the issues pending are ripe for adjudication.")]; *Pacific Ins.*, 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance.").